FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 1 1 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRENDA J. YOUNG, | |
| Plaintiff, | |
| v. | 3:11-cv-418-RCJ-VPC |
| SIERRA PACIFIC MORTGAGE COMPANY, et al., | **ORDER** |
| Defendants. | |

Currently before the Court are two Motions to Dismiss (#25, 30). The Court heard oral argument on March 19, 2012.

## BACKGROUND

**I.     Facts**

Plaintiff Brenda J. Young executed a note secured by a deed of trust on a piece of property located at 611 Cheney Street, Reno, Nevada, 89502, which was recorded in Washoe County on March 11, 2008. (Deed of Trust (#26-2) at 2-3, 5). The mortgage, dated March 3, 2008, was for $168,750. (*Id.* at 4). The lender on the deed of trust was Sierra Pacific Mortgage Company, Inc. (*Id.* at 3). The trustee on the deed of trust was Greenhead Investments, Inc. (*Id.*). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[1] under the security instrument. (*Id.* at 4).

On August 1, 2010, Plaintiff defaulted on her mortgage payments for an unspecified

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

1   amount. (*See* Notice of Default (#26-3) at 2).

2   On October 18, 2010, Stanley Silva "by LSI Title Agency, as agent, by Ticor Title of Nevada, as agent" executed the notice of default on behalf of Cal-Western Reconveyance Corporation. (Notice of Default (#26-3) at 3). The notice of default stated that Cal-Western Reconveyance was either "the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary" under the deed of trust. (*Id.* at 2). The notice of default identified the breach of obligations as "[f]ailure to pay the monthly payment due August 1, 2010 of principal and interest and subsequent installments due thereafter; plus late charges; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust." (*Id.*).

11   On February 8, 2011, Cal-Western Reconveyance recorded a certificate from the Nevada Foreclosure Mediation Program stating that no request for mediation had been made or the grantor had waived mediation. (Mediation Certificate (#26-4) at 2). The certificate stated that the beneficiary could proceed with the foreclosure process. (*Id.*).

15   On February 15, 2011, MERS, as the nominee for Sierra Pacific Mortgage Company, executed a corporate assignment of deed of trust and transferred the beneficial interest in the deed of trust to Federal National Mortgage Association ("Fannie Mae"). (Assignment of Deed of Trust (#26-5) at 2-3).

19   On March 30, 2011, Fannie Mae executed a substitution of trustee and replaced Cal-Western Reconveyance as the trustee for Greenhead Investments, Inc. (Substitution of Trustee (#26-6) at 2). On April 14, 2011, Cal-Western Reconveyance recorded a notice of trustee's sale with the Washoe County Recorder's office. (Notice of Trustee's Sale (#26-7) at 2).

## II.   Complaint

25   In June 2011, Citimortgage, Inc. filed a petition for removal and attached Plaintiff's complaint from the Second Judicial District in Washoe County. (Pet. for Removal (#1); Compl. (#1-2)). In the complaint, Plaintiff sued Sierra Pacific Mortgage Company; Greenhead Investments, Inc.; Cal-Western Reconveyance Corporation; Citimortgage, Inc.; LSI Title

1  Agency; Ticor Title of Nevada; and Stanley S. Silva (collectively "Defendants"). (Compl. (#1-2)
2  at 2). The complaint listed nine causes of action, including: (1) debt collection violations; (2)
3  violation of unfair and deceptive trade practice act; (3) violation of unfair lending practices,
4  NRS § 598D.100; (4) violation of the covenant of good faith and fair dealing; (5) violation of
5  NRS § 107.080 *et seq.*; (6) quiet title action; (7) fraud in the inducement and through omission;
6  (8) slander of title; and (9) abuse of process. (*See id.* at 29-57). Plaintiff sought declaratory
7  relief, reformation, and quiet title. (*Id.* at 59-60).
8       In July 2011, the parties stipulated to dismiss, without prejudice, Sierra Pacific Mortgage
9  Company, Greenhead Investments, and Citimortgage from the case. (Stipulation (#20) at 1).
10 In October 2011, this Court issued an order granting the parties non-monetary judgment
11 against Cal-Western Reconveyance. (Non-Monetary J. Order (#28)). In that order, Plaintiff
12 and Cal-Western Reconveyance agreed that Cal-Western was not required to participate
13 further in the action and that it agreed to be bound by whatever order or judgment that the
14 Court issued relating to the deed of trust. (*Id.* at 2). However, Cal-Western would not be
15 subject to any monetary awards for damages, attorney's fees, or costs. (*Id.*).

## LEGAL STANDARD

17    When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the
18 court must accept as true all factual allegations in the complaint as well as all reasonable
19 inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150
20 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the
21 nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the
22 court should only look to the contents of the complaint during its review of a Rule 12(b)(6)
23 motion to dismiss. However, the court may consider documents attached to the complaint or
24 referred to in the complaint whose authenticity no party questions. *Id.*; see *Durning v. First
25 Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).
26    The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a
27 claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th
28 Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant

is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

**I.      LSI Title Agency, Inc.'s Motion to Dismiss (#25)**

LSI Title Agency files a motion to dismiss the complaint in its entirety. (Mot. to Dismiss (#25) at 6-16). Plaintiff filed a response. (*See* Opp'n to Mot. to Dismiss (#29)).

In this case, the Court dismisses the first cause of action for debt collection violations because foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA, 15 U.S.C. § 1692. *Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, *2 (D. Nev. 2009)).

The Court dismisses the second cause of action for violation of unfair and deceptive trade practices. Under that statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation, without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because LSI Title Agency is explicitly exempt from acquiring licenses in this mortgage case, the Court dismisses this cause of action without leave to amend.

The Court dismisses the third cause of action for violations of unfair lending practices, NRS § 598D.100, because this statute only applies to "lenders" and LSI Title Agency is not a lender. Nev. Rev. Stat. § 598D.100(1).

The Court dismisses the fourth cause of action for violations of the covenant of good faith and fair dealing, the eighth cause of action for slander of title, and the ninth cause of action for abuse of process because Plaintiff did default on her mortgage. The Court dismisses the seventh cause of action for fraud in the inducement and through omission because LSI Title Agency was not involved in the lending process.

With respect to the fifth cause of action, there appears to be a statutory defect in the foreclosure process. Here, Stanley Silva, who appears to be an agent of LSI Title Agency and

Ticor Title of Nevada executed the notice of default on behalf of trustee Cal-Western Reconveyance on October 18, 2010. (See Notice of Default (#26-3) at 2-3). However, Cal-Western Reconveyance did not become a substituted trustee until March 30, 2011. (See Substitution of Trustee (#26-6) at 2). Therefore, the notice of default is defective because the foreclosing entity, Cal-Western Reconveyance, had not been a substituted trustee at the time of the foreclosure. See Gomez, 2009 WL 3617650 at *2 (finding that, as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure). Because LSI Title Agency is one of the entities executing the notice of default, the Court will not dismiss this claim. As such, the Court denies the motion to dismiss the fifth cause of action for violation of NRS § 107.080 and the sixth cause of action for quiet title at this time.

Accordingly, the Court grants in part the motion to dismiss (#25) claims one, two, three, four, seven, eight, and nine, with prejudice, but denies the motion to dismiss claims five and six.

II.   **Ticor Title of Nevada, Inc. & Stanley Silva's Motion to Dismiss (#30)**

Ticor Title of Nevada and Stanley Silva filed a motion to dismiss all claims in the complaint. (Mot. to Dismiss (#30) at 2). Plaintiff filed a response. (See Opp'n to Mot. to Dismiss (#33)).

On November 30, 2011, Plaintiff filed a notice of acceptance of an offer of judgment from Ticor Title of Nevada and Stanley Silva. (Notice of Acceptance (#34) at 1). The notice of acceptance stated that Ticor Title of Nevada and Stanley Silva had permitted Plaintiff to take judgment in the action against them, jointly and severally, in the amount of ten dollars ($10.00). (Id. at 1-2). The notice of acceptance stated that the Court could enter judgment accordingly. (Id. at 2).

In light of the notice of acceptance, the Court denies the motion to dismiss (#30) as moot and directs the clerk of the court to enter judgment against Ticor Title of Nevada and Stanley Silva pursuant to the notice of acceptance.

///

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that LSI Title Agency's Motion to Dismiss (#25) is GRANTED in part as to claims 1, 2, 3, 4, 7, 8, and 9, and DENIED in part as to claims 5 and 6.

IT IS FURTHER ORDERED that Ticor Title of Nevada and Stanley Silva's Motion to Dismiss (#30) is DENIED as moot. In light of the Notice of Acceptance of Offer of Judgment (#34), the Court directs the Clerk of the Court to enter judgment against Ticor Title of Nevada, Inc. and Stanley Silva.

DATED: This 11th day of May, 2012.

_____
United States District Judge